IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-31067
Summary Calendar

In The Matter Of: MAC-JGC MARKETING INC

Debtor

MAC-JGC MARKETING INC

Appellant

v.

JOHN R POOLE COMPANIES LLC

Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:07-CV-2885

Before REAVLEY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

MAC-JGC Marketing, Inc. appeals the district court's judgment affirming the bankruptcy court's judgment in its favor against John R. Poole Companies, LLC.  For the reasons that follow, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

MAC-JGC first argues that the bankruptcy court erroneously applied Louisiana's doctrine of judicial compensation. Judicial compensation is a creature of Louisiana law that allows courts to set-off unliquidated claims. See Fidelity & Deposit Co. of Maryland v. Cloy Construction Co., 463 So. 2d 1365, 1368–69 (La. Ct. App. 1984) ("Judicial compensation takes place when a court decides two parties are mutually indebted to each other and adjusts the amounts owed in fixing the judgment."). The gist of MAC-JGC's complaint is that the judicial-compensation doctrine can be invoked only via a counterclaim, whereas Poole invoked the doctrine via affirmative defense. But even assuming Louisiana procedural rules require Poole to plead judicial compensation (a form of setoff) as a counterclaim, this court has recognized that setoff in federal court is an affirmative defense. Giles v. Gen. Elec. Co., 245 F.3d 474, 494 n.36 (5th Cir. 2001) ("[A]n offset . . . is an affirmative defense."). Accordingly, the bankruptcy court did not err in applying the doctrine of judicial compensation.

MAC-JGC next complains that the bankruptcy court committed reversible error when it believed at least some of John Poole's trial testimony. After the trial—and before the bankruptcy court issued its findings of fact—counsel for MAC-JGC provided a letter to the court that purportedly undercut some of Poole's testimony. Even after viewing this alleged piece of impeachment evidence, the bankruptcy court issued findings of fact that relied, in part, on Poole's testimony. MAC-JGC asserts that this was error. But the bankruptcy court, having heard Poole testify and having had the opportunity to consider the alleged impeachment evidence, did not commit clear error in determining that Poole was credible.

Finally, MAC-JGC contends that the bankruptcy court erred when it determined that the contract unambiguously did not require Poole to assume the approximately $117,000 owed to BellSouth Advertising. The bankruptcy court properly determined that the contract at issue unambiguously required MAC-

JGC to be liable for the BellSouth Advertising debt since that debt was not listed as a payable on the relevant agreement.

AFFIRMED.